KLIEBERT, Chief Judge.
This matter is before us on an appeal taken by the plaintiff, Mary L. Legier, from a judgment of the lower court rendered in conformity with a jury verdict which was in favor of her employer, the defendants, Antoine Saacks and his insurer, Metropolitan Insurance. For the reasons hereinafter stated, we affirm.
The facts reveal that the plaintiff was the long time domestic employee of the defendant, Mr. Antoine Saacks, and his wife. On November 6, 1987 as she was about her duties (at the time carrying towels, while descending a stairwell), plaintiff fell and suffered serious injury. Suit was instituted against Saacks and his liability insurer, Metropolitan Property and Liability Insurance Company, alleging negligence on the part of Saacks or, alternatively, strict liability.
The sole basis urged by appellant for reversal is that the jury's findings and verdict in favor of defendants were clearly wrong and manifestly erroneous in that there was no contradictory evidence or evidence of any sort offered at the trial by defendants to either establish that the stairway was not defective or to contradict the plaintiffs expert testimony establishing the defective nature and construction of the stairway.
Pertinent in this regard are the observations of the Supreme Court in Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990) wherein the Court stated:
Absent “manifest error” or unless it is “clearly wrong,” the jury or trial court’s findings of fact may not be disturbed on appeal. This standard is set forth in Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973), as follows:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trier of fact’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ... [Wjhere there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable....
Thus, the appellate court’s disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). If the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell [v. Esco, 549 So.2d 840 (La.1989) ] supra. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Only five witnesses were called to testify. Besides the plaintiff, there were Mr. and Mrs. Saacks, Dr. Courtney Russo, and a Mr. Robert Illig, plaintiff’s expert with respect to stair construction.
The uncontroverted evidence shows that the stairs were built when the house was constructed in 1978. The plaintiff worked in the home almost ten years from 1978 to 1987, three days a weeks, eight hours a day, going up and down the stairs four to five times a day. There was a handrail which she did not use and there was no obstruction on the steps as she had vacuumed that day.
The plaintiff’s expert was not an architect but rather a marine engineer and surveyor who did not have a college degree. He testified as to the fact that there was a vice in the stair construction but used 1988 safety codes as authority even though the house had been built in 1978.
The plaintiff’s credibility was brought into question when it was brought out that she had failed to file income tax returns or to pay social security, and with respect to *1343 certain representations made to the Housing Authority of New Orleans.
The jury, in response to the interrogatory “Was the defendant, Antoine Saacks, strictly liable because of a defective condition?” answered “No”. Likewise, in response to the interrogatory “Was the defendant, Antoine Saacks, negligent?”, the answer was “No”. These were purely factual decisions which were in the province of the jury alone to determine irrespective of whether defendant placed witnesses on the stand or not. Whether they simply rejected the testimony of one or more of the witnesses we, of course, cannot say. We can and do say, however, that we cannot find in the record where they were either manifestly in error or clearly wrong. Absent this, their findings cannot be disturbed. Costs of the appeal are to be borne by plaintiff.
AFFIRMED.